ELECTRONICALLY FILED - 2023 Mar 09 1:27 PM - AIKEN - COMMON PLEAS - CASE#2023CP0200561

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| | FOR THE SECOND JUDICIAL CIRCUIT |
| COUNTY OF AIKEN | |
| | C/A NO.:  2023-CP-02-_____ |
| Patricia Myers, as Personal Representative of the Estate of Exzabian Myers, | |
| Plaintiff, | |
| v. | SUMMONS |
| AIKEN COUNTY;<br>AIKEN COUNTY SHERIFF'S OFFICE;<br>Deputy WILLIAM T. SUTTON, in his individual and official capacity;<br>SSgt. ANDREW M. DAILEY, in his individual and official capacity;<br>Deputy JUSTIN L. RUTLAND, in his individual and official capacity;<br>SSgt. TYLER W. ROBERTS, in his individual and official capacity;<br>Deputy GONZALO CAMPOS, in his individual and official capacity;<br>DOES 1-3, (ACSO 911 call operators), in their individual and official capacity;<br>CITY OF NEW ELLENTON;<br>NEW ELLENTON POLICE DEPARTMENT;<br>Deputy JEREMY A. FRANK, in his individual and official capacity, | |
| Defendants. | |

TO:     *THE DEFENDANT ABOVE NAMED:*

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your answer to said Complaint on the subscribed, Solomon Law Group, P.O. Box 1866, Columbia, SC 29202, within

ELECTRONICALLY FILED - 2023 Mar 09 1:27 PM - AIKEN - COMMON PLEAS - CASE#2023CP0200561

THIRTY (30) days after the service hereof, exclusive of the date of such service.  If you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the complaint.

SOLOMON LAW GROUP, LLC

BY:        s/ Carl L. Solomon
Carl L. Solomon (7306)
Robert L. Brown (73568)
Daquan Blyther (104369)
P.O. Box 1866
Columbia, SC 29202
Office: (803) 391-3120
Facsimile: (803) 509-7032

Columbia, South Carolina
March 9, 2023

ELECTRONICALLY FILED - 2023 Mar 09 1:27 PM - AIKEN - COMMON PLEAS - CASE#2023CP0200561

STATE OF SOUTH CAROLINA

COUNTY OF AIKEN


Patricia Myers, as Personal
Representative of the Estate of
Exzabian Myers,

      Plaintiff,

  v.

AIKEN COUNTY;
AIKEN COUNTY SHERIFF'S
OFFICE;
Deputy WILLIAM T. SUTTON, in
his individual and official capacity;
SSgt. ANDREW M. DAILEY, in his
individual and official capacity;
Deputy JUSTIN L. RUTLAND, in his
individual and official capacity;
SSgt. TYLER W. ROBERTS, in his
individual and official capacity;
Deputy GONZALO CAMPOS, in his
individual and official capacity;
DOES 1-3, (ACSO 911 call
operators), in their individual and
official capacity;
CITY OF NEW ELLENTON;
NEW ELLENTON POLICE
DEPARTMENT;
Deputy JEREMY A. FRANK, in his
individual and official capacity,

      Defendants.

IN THE COURT OF COMMON PLEAS
FOR THE SECOND JUDICIAL CIRCUIT

C/A NO.:  2023-CP-02-_____


COMPLAINT
(JURY TRIAL DEMANDED)

ELECTRONICALLY FILED - 2023 Mar 09 1:27 PM - AIKEN - COMMON PLEAS - CASE#2023CP0200561

The Plaintiff, Patricia Myers, as Personal Representative of the Estate of Exzabian Myers, brings this Complaint as Personal Representative of the Estate of Exzabian, against Aiken County, Aiken County Sheriff's Office, Deputy William T. Sutton, in his individual and official capacity, SSgt. Andrew M. Dailey, in his individual and official capacity, Deputy Justin L. Rutland, in his individual and official capacity, SSgt. Tyler W. Roberts, in his individual and official capacity, Deputy Gonzalo Campos, in his individual and official capacity, John Does 1-3 (ACSO 911 call operators), in their individual and official capacity, City of New Ellenton, New Ellenton Police Department, and Deputy Jeremy A. Frank, in his individual and official capacity, and would respectfully show unto this Honorable Court:

## PARTIES, JURISDICTION, AND VENUE

1.      The Plaintiff, Patricia Myers, (hereinafter "Plaintiff") is the Personal Representatives of the Estate of Exzabian Morgan Myers (hereinafter "Mr. Myers").

2.      At all times relevant hereto, Mr. Myers was a resident of Aiken County, South Carolina.

3.      Defendant Aiken County (hereinafter "Aiken County") is a political sub-division in the State of South Carolina that operates and operated the Aiken County Sheriff's Office (ACSO), which is an agency of the County.

4.      Defendant Aiken County Sheriff's Office (hereinafter Defendant "ACSO") is a law enforcement agency of Aiken County, licensed by the State of South Carolina. The Office is responsible for hiring, training, and for the supervision, and discipline of agents, employees and ACSO deputies.

5.      Upon information and belief, Defendant William T. Sutton (hereinafter Defendant "Sutton") is a resident of Aiken County, South Carolina.

ELECTRONICALLY FILED - 2023 Mar 09 1:27 PM - AIKEN - COMMON PLEAS - CASE#2023CP0200561

6.      At all times relevant hereto, Defendant Sutton was acting under color of state law in his capacity as Deputy employed by the Aiken County Sheriff's Office. As a licensed law enforcement officer, Defendant Sutton was well aware of Mr. Myers's constitutional right to be free from excess force.

7.      Upon information and belief, Defendant Andrew M. Dailey (hereinafter Defendant "Dailey") is a resident of Aiken County, South Carolina.

8.      At all times relevant hereto, Defendant Dailey was acting under color of state law in his capacity as Deputy employed by the Aiken County Sheriff's Office. As a licensed law enforcement officer, Defendant Dailey was well-aware of Mr. Myers's constitutional right to be free from excess force.

9.      Upon information and belief, Defendant Justin L. Rutland (hereinafter Defendant "Rutland") is a resident of Aiken County, South Carolina.

10.     At all times relevant hereto, Defendant Rutland was acting under color of state law in his capacity as Deputy employed by the Aiken County Sheriff's Office. As a licensed law enforcement officer, Defendant Rutland was well-aware of Mr. Myers's constitutional right to be free from excess force.

11.     Upon information and belief, Defendant Tyler W. Roberts (hereinafter Defendant "Roberts") is a resident of Aiken County, South Carolina.

12.     At all times relevant hereto, Defendant Roberts was acting under color of state law in his capacity as Deputy employed by the Aiken County Sheriff's Office. As a licensed law enforcement officer, Defendant Roberts was well-aware of Mr. Myers's constitutional right to be free from excess force.

13.     Upon information and belief, Defendant Gonzales Campos (hereinafter Defendant "Campos") is a resident of Aiken County, South Carolina.

14.     At all times relevant hereto, Defendant Campos was acting under color of state law in his capacity as Deputy employed by the Aiken County Sheriff's Office. As a licensed law enforcement officer, Defendant Campos was well-aware of Mr. Myers's constitutional right to be free from excess force.

15.     The City of New Ellenton (hereinafter Defendant "City") is a municipal entity in the State of South Carolina that operates and operated the New Ellenton Police Department (hereinafter Defendant "NEPD"), which is an agency of the City.

16.     New Ellenton Police Department is a law enforcement agency of the City of New Ellenton, licensed by the State of South Carolina. The Department is responsible for hiring, training, and for the supervision, and discipline of agents, employees and NEPD deputies.

17.     Upon information and belief, Defendant Jeremy A. Frank (hereinafter Defendant "Frank") is a resident of Aiken County, South Carolina.

18.     At all times relevant hereto, Defendant Frank was acting under color of state law in his capacity as an off-duty Deputy employed by the New Ellenton Police Department. As a licensed law enforcement officer, Defendant Frank was well-aware of Mr. Myers's constitutional right to be free from excess force.

19.     Plaintiff is unaware of the true names and capacities of defendants named herein as DOE 1 through DOE 3 (hereinafter Defendants "DOES 1-3"), inclusive, and each of them, and therefore plaintiff sues said defendants by such fictitious names and will move to amend to insert the true names of said defendants when the true names, identities, and acts giving rise to their liability in regard to the above-entitled action, become known to plaintiff. Plaintiff is

ELECTRONICALLY FILED - 2023 Mar 09 1:27 PM - AIKEN - COMMON PLEAS - CASE#2023CP0200561

ELECTRONICALLY FILED - 2023 Mar 09 1:27 PM - AIKEN - COMMON PLEAS - CASE#2023CP0200561

informed and believes and therefore alleges that each of the defendants designated herein as a DOE defendant is responsible in some manner for the events and happenings referred to herein. Specifically, ACSO communication did not relay to responding deputies via radio transmissions that Mr. Myers did not seem to be dangerous or that he had not carjacked anyone.

20.    Venue is proper in this Court, because the alleged acts and omissions giving rise to this cause of action occurred in Aiken County, South Carolina.

## FACTS

21.    On March 18, 2021, at around 6:12 pm, ACSO Communications received calls reporting a black male, later identified as Mr. Myers, in the roadway blocking traffic at Ergle and Marshall Street in Granteville, SC.

22.    It was reported that Mr. Myers was sweating and appeared confused. He sat on the hood of a grey Mercedes vehicle, attempted to open the passenger door, and shouted "Call the police".

23.    ACSO Communications call taker (one of the Defendants DOES 1-3) was informed that Mr. Myers had not attempted to harm the caller or any other motorists.

24.    Upon information and belief, ACSO communication did not relay to responding deputies via radio transmissions that Mr. Myers did not seem to be dangerous or that he had not carjacked anyone.

25.    At approximately 6:14 pm, Defendant Sutton was dispatched to Ergle and Marshall Street in reference to a black male who had stopped or attempted to rob or carjack drivers.

26.    Defendant Sutton arrived on scene at 6:16 pm in his patrol vehicle with lights and sirens on.

ELECTRONICALLY FILED - 2023 Mar 09 1:27 PM - AIKEN - COMMON PLEAS - CASE#2023CP0200561

27.     Upon information and belief, when Dep. Sutton arrived on the scene, Mr. Myers was standing in the roadway. Mr. Myers walked to Defendant Sutton's patrol vehicle, was calm, and asked to be taken to jail.

28.     Upon information and belief, Defendant Sutton placed handcuffs on Mr. Myers and detained him for investigative purposes.

29.     Upon information and belief, Defendant Sutton noticed that Mr. Myers was sweating.

30.     Upon information and belief, Defendant Sutton patted down Mr. Myers and located empty plastic bags in his pockets.

31.     Upon information and belief, at that moment, Mr. Myers took off and ran into the intersection towards cars and began yelling loudly, "Call the police".

32.     Upon information and belief, Defendant Sutton had control of Mr. Myers's hands and ran behind him.

33.     Mr. Meyers did not assault Defendant Sutton during this encounter.

34.     Former Aiken County Sheriff's Office deputy Jeremy Frank, off-duty, was driving near the intersection, he saw what was happening, exited his vehicle, and began to assist Defendant Sutton.

35.     Defendant Frank was driving his personal vehicle, was wearing plain clothes, and did not have any badge or police insignia on display.

36.     Defendants Sutton and Frank attempted to walk Mr. Myers to Defendant Sutton's patrol vehicle, and Mr. Myers fell to the ground.

37.     Defendant Sutton and Frank held Mr. Myers on the ground until Dep. Rutland arrived.

ELECTRONICALLY FILED - 2023 Mar 09 1:27 PM - AIKEN - COMMON PLEAS - CASE#2023CP0200561

38.    Defendant Rutland arrived in an unmarked Chevrolet Tahoe patrol vehicle but had his emergency signals and siren on.

39.    Dep. Rutland was not wearing a Body Worn Camera ("BWC").

40.    Upon information and belief, Defendant Rutland intervened and applied his knee to Mr. Myers's body near his neck area.

41.    Upon information and belief, Defendant Rutland pushed on Mr. Myers to get leverage to place him in the patrol vehicle.

42.    Defendants Sutton, Frank, and Rutland then stood Mr. Myers up and walked him to the patrol vehicle.

43.    Upon information and belief, at this moment, Mr. Myers became manic, energetic, and had trouble speaking.

44.    Upon information and belief, Defendants Sutton, Frank, and Rutland attempted to place Mr. Myers into Defendant Sutton's patrol vehicle but were unable to get him completely in the vehicle, and they could not close the rear passenger door.

45.    Shortly thereafter, SSgt. Roberts arrived on the scene.

46.    Upon information and belief, Defendant Roberts began to assist Defendants Sutton, Rutland, and Frank with placing Mr. Myers into the patrol vehicle.

47.    Upon information and belief, SSgt. Roberts used his taser to stun Mr. Meyers.

48.    Upon information and belief, Defendant Roberts did not give Mr. Myers verbal commands that he was going to be tased.

49.    At the time of the use of the taser by Defendant Roberts, he nor the other deputies were in an immediate threat of danger.

ELECTRONICALLY FILED - 2023 Mar 09 1:27 PM - AIKEN - COMMON PLEAS - CASE#2023CP0200561

50.    Upon information and belief, Defendant Roberts was informed that Mr. Myers was being arrested for disorderly conduct, and it was confirmed that no robbery or carjacking occurred.

51.    Upon information and belief, while Mr. Myers was already in custody, Defendant Campos entered the patrol vehicle and delivered a closed fist strike behind Mr. Meyers' knee.

52.    Upon information and belief, Defendant Campos did not provide verbal commands prior to the use of force, referenced in paragraph 58 above.

53.    Mr. Myers was not placed in a seat belt.

54.    After the four deputies managed to close the rear doors of Defendant Sutton's patrol vehicle, with Mr. Myers inside of it, in custody, Defendant Sutton was left alone in the vehicle tasked with transporting Mr. Myers to Aiken County Detention Center (ACDC).

55.    Mr. Myers was not transported to Aiken Regional Medical Center.

56.    Defendant Sutton told Mr. Myers he was under arrest while en route to ACDC but could not recall Mr. Myers' response.

57.    Defendant Sutton asked Mr. Myers while en route to Aiken County Detention Center "Bo, what'd you take?"

58.    Mr. Myers began screaming and hit his head more than fifty times while violently flailing around in the backseat.

59.    Upon information and belief, Defendant Sutton stopped his patrol vehicle at Trophies Unlimited on Trolly Line and informed dispatch that he was in need of another vehicle.

60.    Upon information and belief, after Defendant Sutton stopped at Trophies Unlimited and exited his vehicle, he could not visually see Mr. Myers because is his window tint and the bars over his rear windows.

ELECTRONICALLY FILED - 2023 Mar 09 1:27 PM - AIKEN - COMMON PLEAS - CASE#2023CP0200561

61.     Mr. Myers again began banging his head and swaying in the middle of the back seat with his eyes closed.

62.     Mr. Myers then began to move his entire body, resulting in his head ending up in the floorboard with one leg on the back of the seat and his other leg on the seat.

63.     Upon information and belief, Defendant Sutton did not check to see if Mr. Myers was breathing.

64.     Upon information and belief, Defendant Sutton, waited outside his vehicle until Defendant Dailey arrived.

65.     Defendant Dailey arrived on scene and opened the rear passenger door and placed a hobble around Mr. Meyers' ankle.

66.     Mr. Meyers' head was on the floorboard of the patrol vehicle with his feet extended in the air or on the back seat for over four minutes.

67.     Upon information and belief, a liquid could be seen coming from Mr. Meyers' leg area and moving across the seat.

68.     Defendant Dailey placed his fingers on Mr. Meyers neck and indicated Mr. Myers was not breathing.

69.      Defendant Dailey administered NARCAN to Mr. Meyers.

70.     Mr. Myers was taken to Aiken Regional Medical Center, where he was pronounced dead.

71.     Mr. Myers died as a result of positional asphyxia with a contributing factor of excited delirium with a mechanism of death being entrapped while thrashing in the rear of the patrol vehicle under the influence of cocaine.

ELECTRONICALLY FILED - 2023 Mar 09 1:27 PM - AIKEN - COMMON PLEAS - CASE#2023CP0200561

72.    Plaintiff alleges Defendants acted in a grossly negligent manner and used excessive, unjustified, and lethal force while attempting to detain and question Mr. Meyers.

73.    As a direct and proximate result of these acts and omissions, Mr. Myers suffered the following injuries and damages:

        a.    A violation of his Constitutional rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution and Article 1 of the South Carolina Constitution to be free from the use of excessive force;

        b.    Loss of his life; and

        c.    Physical pain and suffering and emotional trauma and suffering.

74.    The heirs of Mr. Myers further suffered the untimely end of their relationship with their beloved one and the corresponding loss of his services, protection, care, assistance, society, companionship, comfort, guidance, counsel, and advice, and were forced to incur funeral and burial expenses.

75.    The acts and omissions of the Defendants violated the following clearly established and well-settled Federal and State Constitutional rights of by using excessive force.

### FOR A FIRST CAUSE OF ACTION
### Negligence & Gross Negligence – Survival
### (Against All Defendants)

76.    The foregoing factual allegations are made a part of this First Cause of Action through incorporation by reference.

77.    The above incident and Mr. Myers' resulting injuries and death were proximately caused by the negligent, grossly negligent, reckless, willful, and wanton acts of the Defendants in the following particulars:

ELECTRONICALLY FILED - 2023 Mar 09 1:27 PM - AIKEN - COMMON PLEAS - CASE#2023CP0200561

a.  Defendant Roberts' use of a TASER against Mr. Myers, who was handcuffed and in a police vehicle but resisting efforts to close the vehicle doors, was unreasonable, excessive, and contrary to generally accepted police practices;

b.  Deputies' failure to summon medical aid for Mr. Myers, who had made statements about being "high" and exhibiting behaviors that any reasonable officer on the scene would have recognized as consistent with excited delirium, was unreasonable and contrary to generally accepted police practices;

c.  Defendants Dailey and Sutton's failure to provide medical assistance to Mr. Myers after observing that he was not breathing was unreasonable and contrary to generally accepted police practices;

d.  Defendants Dailey and Sutton's decision to transport Mr. Myers facedown, which was unreasonable and contrary to generally accepted police practices.

e.  In failing to exercise reasonable force on an individual who was not being violent and/or a threat to anyone and was only having a drug-induced frenzy;

f.  In failing to exercise reasonable or slight care by allowing its agent/employee to handle - without sufficient training - an individual who was experiencing a drug-induced frenzy and was at heightened risk of death while in custody;

g.  In failing to exercise reasonable or slight care to adhere to proper law enforcement procedures when approaching a witness/suspect; especially an individual who was clearly experiencing a drug-induced frenzy;

h.  In failing to exercise reasonable or slight care to adhere to proper law enforcement procedures when approaching a witness/suspect;

ELECTRONICALLY FILED - 2023 Mar 09 1:27 PM - AIKEN - COMMON PLEAS - CASE#2023CP0200561

    i.    In failing to exercise reasonable or slight care to have in place proper and adequate policies, procedures and protocols for law enforcement officers approaching a witness/suspect or, if such policies, procedures and protocols were in place, in failing to use due care to enforce them;

    j.    In failing to exercise reasonable or slight care to have in place and adequate policies, procedures and protocols for the use of deadly force or, if such policies, procedures and protocols were in place, in failing to use due care to enforce them;

    k.    In failing to properly train and educate their employees to exercise independent judgment and care; and

    l.    In such other particulars as may be ascertained through discovery procedures undertaken pursuant to South Carolina Rules of Civil Procedure.

78.    As a direct and proximate cause of Defendants' acts of omission and commission, Mr. Myers sustained serious personal injury and death.  As such, Plaintiff is entitled to an award of actual and consequential damages.

79.    Defendants' conduct as outlined above was reckless, wanton, and willful, as such Plaintiff is further entitled to an award of PUNITIVE DAMAGES.

### FOR A SECOND CAUSE OF ACTION
**Negligence & Gross Negligence – Wrongful Death**
**(Against Defendants All Defendants)**

80.    The foregoing factual allegations are made a part of the Second Cause of Action through incorporation by reference.

81.    The above incident and Mr. Myers' resulting injuries and death were proximately caused by the negligent, grossly negligent, reckless, willful and wanton acts of the Defendants, in the following particulars:

ELECTRONICALLY FILED - 2023 Mar 09 1:27 PM - AIKEN - COMMON PLEAS - CASE#2023CP0200561

a. Defendant Roberts' use of a TASER against Mr. Myers, who was handcuffed and in a police vehicle but resisting efforts to close the vehicle doors, was unreasonable, excessive, and contrary to generally accepted police practices;

b. Deputies' failure to summon medical aid for Mr. Myers, who had made statements about being "high" and exhibiting behaviors that any reasonable officer on the scene would have recognized as consistent with excited delirium, was unreasonable and contrary to generally accepted police practices;

c. Defendants Dailey and Sutton's failure to provide medical assistance to Mr. Myers after observing that he was not breathing was unreasonable and contrary to generally accepted police practices;

d. Defendants Dailey and Sutton's decision to transport Mr. Myers facedown, which was unreasonable and contrary to generally accepted police practices.

e. In failing to exercise reasonable force on an individual who was not being violent and/or a threat to anyone and was only having a drug-induced frenzy.;

f. In failing to exercise reasonable or slight care by allowing its agent/employee to handle - without sufficient training - an individual who was experiencing a drug-induced frenzy and was at heightened risk of death while in custody;

g. In failing to exercise reasonable or slight care to adhere to proper law enforcement procedures when approaching a witness/suspect, especially an individual who was clearly experiencing a drug-induced frenzy;

h. In failing to exercise reasonable or slight care to adhere to proper law enforcement procedures when approaching a witness/suspect;

ELECTRONICALLY FILED - 2023 Mar 09 1:27 PM - AIKEN - COMMON PLEAS - CASE#2023CP0200561

     i.    In failing to exercise reasonable or slight care to have in place proper and adequate policies, procedures and protocols for law enforcement officers approaching a witness/suspect or, if such policies, procedures, and protocols were in place, in failing to use due care to enforce them;

     j.    In failing to exercise reasonable or slight care to have in place, and adequate policies, procedures, and protocols for the use of deadly force or, if such policies, procedures, and protocols were in place, in failing to use due care to enforce them;

     k.    In failing to properly train and educate their employees to exercise independent judgment and care; and

     l.    In such other particulars as may be ascertained through discovery procedures undertaken pursuant to South Carolina Rules of Civil Procedure.

82.    As a further result and because of the Defendants' reckless, willful and grossly negligent conduct which ultimately caused the wrongful death of Mr. Myers, Plaintiff is entitled to actual and consequential damages in an amount to be determined by a jury in accordance with the law and evidence in this case.

83.    Defendants' conduct as outlined above was reckless, wanton, and willful, as such Plaintiff is further entitled to an award of punitive damages.

### FOR A THIRD CAUSE OF ACTION
**Negligent Hiring, Retention, Supervision**
**(Against Defendants Aiken County Sheriff's Office, Aiken County, City of New Ellenton, and New Ellenton Police Department)**

84.    The foregoing factual allegations are made a part of this Third Cause of Action through incorporation by reference herein.

ELECTRONICALLY FILED - 2023 Mar 09 1:27 PM - AIKEN - COMMON PLEAS - CASE#2023CP0200561

85.     Defendants owed statutory and common law duties to Mr. Myers to refrain from negligently hiring, training, supervising and/or retaining employees.

86.     Defendants were negligent in hiring and retaining Defendants Sutton, Dailey, Rutland, Roberts, Campos, and Frank, and knowingly retained these officers despite the fact that these officers' prior work history as well as their work while employed with Defendants presented a foreseeable risk that these officers would fail to perform their responsibilities in a reasonable manner that was consistent with generally accepted law enforcement procedure and protocol.

87.     Defendants further knew or reasonably should have known that because of their prior work history and tenure as uniformed law enforcement officers that neither Defendants Sutton, Dailey, Rutland, Roberts, Campos, and Frank were suitable candidates to serve as police officers and carry lethal force.

88.     Defendants failed to perform reasonable training and supervision of its armed police officers in the following areas:

a.  Use of Force;

b.  Safe practices for handling an in custody suspect who is under the effect of drugs and is experiencing a drug-induced frenzy;

c.  Avoiding dangerous situations when handling an in custody suspect who is under the effect of drugs and is experiencing a drug-induced frenzy;

d.  Preventing unsafe conditions for in custody suspect who is under the effect of drugs and is experiencing a drug-induced frenzy;

e.  Ensuring such suspect safety; and

f.  Balancing lawful objectives with appropriate use of force.

ELECTRONICALLY FILED - 2023 Mar 09 1:27 PM - AIKEN - COMMON PLEAS - CASE#2023CP0200561

89.     As a further result and because of the Defendants' reckless, willful, grossly negligent, and negligent failure to properly hire, retain, and supervise its employees which ultimately caused the death of Mr. Myers, Plaintiffs are entitled to actual and consequential damages.

90.     Defendants' conduct as outlined above was reckless, wanton, and willful, as such Plaintiffs are further entitled to an award of punitive damages.

### FOR A FOURTH CAUSE OF ACTION
**42 U.S.C. § 1983 -Excessive Force**
**(Against Defendants Sutton, Dailey, Rutland, Roberts, Campos, and Frank)**

91.     The foregoing factual allegations are made a part of this Fourth Cause of Action through incorporation by reference herein.

92.     During this time period in question, Defendants Sutton, Dailey, Rutland, Roberts, Campos, and Frank were acting under the color or pretense of State law, customs, practices, usage as a licensed law enforcement officer, and had certain duties imposed upon him with regard to Mr. Myers.  Additionally, during the time period in question, the Defendants were well aware of Mr. Meyers' constitutional right to be free from excessive force.

93.     The above incident and Mr. Myers' resulting injuries and death were proximately caused by the intentional, reckless, willful, and wanton acts of the Defendants by using unjustified, lethal force against Mr. Myers in violation of the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.  Such unjustified use of lethal force constitutes excessive force, cruel and unusual punishment, and a violation of the right to due process guaranteed by the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution.

94.    Mr. Myers posed no physical threat to any of the Defendants or to the general public at large, and Defendants had no reasonable belief that they were in danger of death or severe bodily injury.

95.    Defendants' acts and omissions constituted an excessive use of force, proximately causing a violation of Mr. Myers's Fourth, Eighth, and Fourteenth Amendment rights.

96.    As a direct and proximate result of the Defendants' act of willful, malicious, conscious, and deliberate indifference, Mr. Myers suffered deprivations of his rights secured by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

**WHEREFORE**, Plaintiff respectfully prays for judgment against Defendants for all **actual, consequential, and punitive damages,** in an amount to be determined by a jury at the trial of this action; attorney's fees and costs pursuant to 42 U.S.C. §§ 1983 and 1988; and for such other and further relief as this Court deems just and proper.

SOLOMON LAW GROUP, LLC

BY:    _____s/ Carl L. Solomon_____
            Carl L. Solomon (7306)
            Robert L. Brown (73568)
            Daquan Blyther (104369)
            P.O. Box 1866
            Columbia, SC 29202
            Office: (803) 391-3120
            Facsimile: (803) 509-7032

Columbia, South Carolina
March 9, 2023

ELECTRONICALLY FILED - 2023 Mar 09 1:27 PM - AIKEN - COMMON PLEAS - CASE#2023CP0200561

## AFFIDAVIT OF SERVICE

State of South Carolina

County of Aiken

Common Pleas Court

Patricia Myers, et al, Plaintiff(s)

vs.

Aiken County, et al, Defendant(s)

Case No: 2023CP0200561

For:

SOLOMON LAW GROUP
P.O. Box 1866
Columbia, SC 29202-1866

To be served on:    City of New Ellenton

_____Bridget Williams_____ , undersigned, being duly sworn, deposes and says:

that on  March 13, 2023  at 2:45 pm    at  200 Main Street N., New Ellenton, SC

the undersigned served the documents described as:

Summons and Complaint

A true and correct copy of the aforesaid document(s) was served on:

City of New Ellenton

By delivering them into the hands of an officer or managing agent whose name and title is

Maria Tamimi-Bush, Assistant City Clerk

The person receiving documents is described as follows:

Sex  F  ; Race  Black  ; Hair Color  Black  ; Facial Hair  N/A
Approx. Age  50  ; Approx. Height  5'00"  ; Approx. Weight  180

☑ To the best of my knowledge and belief, said defendant was not engaged in the US Military at the time of service.

Subscribed and sworn to before me this

_1 4th_ day of  March, 2023

_____
NOTARY PUBLIC

My Commission Expires: 2-8-2031

I certify that I am over the age of 18, have no interest in the above action.
Undersigned declares under penalty of perjury that the foregoing is true and correct.

_____
Bridget Williams
Process Server
Southern Pride Process, LLC
(803) 386-8559
P.O. Box 7125
Columbia, SC 29202-7125

SPP File:  135096-4

Client File:



ELECTRONICALLY FILED - 2023 Mar 15 12:10 PM - AIKEN - COMMON PLEAS - CASE#2023CP0200561

## AFFIDAVIT OF SERVICE

State of South Carolina                    County of Aiken                    Common Pleas Court

Patricia Myers, et al, Plaintiff(s)

    vs.

Aiken County, et al, Defendant(s)                    Case No:  2023CP0200561

For:

SOLOMON LAW GROUP
P.O. Box 1866
Columbia, SC  29202-1866

To be served on:        New Ellenton Police Department

Bridget Williams                              , undersigned, being duly sworn, deposes and says:

that on  March 13, 2023  at 2:45 pm        at  200 Main Street N., New Ellenton, SC

the undersigned served the documents described as:

    Summons and Complaint

A true and correct copy of the aforesaid document(s) was served on:

New Ellenton Police Department

By delivering them into the hands of an officer or managing agent whose name and title is

Maria Tamimi-Bush, Assistant City Clerk

The person receiving documents is described as follows:

Sex  F  ; Race  Black  ; Hair Color  Black  ; Facial Hair  N/A
Approx. Age  50  ; Approx. Height  5'00"  ; Approx. Weight  180

☑ To the best of my knowledge and belief, said defendant was not engaged in the US Military at the time of service.

Subscribed and sworn to before me this                    I certify that I am over the age of 18, have no interest in the above action.
12th day of  March, 2023                                Undersigned declares under penalty of perjury that the foregoing is true and correct.

NOTARY PUBLIC                                         Bridget Williams                    SPP File:  135096-4
My Commission Expires: 2 8-2031                      Process Server                     Client File:
                                                      Southern Pride Process, LLC
                                                      (803) 386-8559
                                                      P.O. Box 7125
                                                      Columbia, SC  29202-7125

ELECTRONICALLY FILED - 2023 Mar 15 12:10 PM - AIKEN - COMMON PLEAS - CASE#2023CP0200561

# AFFIDAVIT OF SERVICE

State of South Carolina                    County of Aiken                    **Common Pleas Court**

Patricia Myers, et al, Plaintiff(s)

      vs.

Aiken County, et al, Defendant(s)                              Case No:   2023CP0200561

For:

SOLOMON LAW GROUP
P.O. Box 1866
Columbia, SC  29202-1866

To be served on:        Aiken County

**Bridget Williams**                              , undersigned, being duly sworn, deposes and says:

that on   March 13, 2023  at 3:05 pm         at  1930 University Parkway, Ste. 3100, Aiken, SC

the undersigned served the documents described as:

      **Summons and Complaint**

A true and correct copy of the aforesaid document(s) was served on:

Aiken County

By delivering them into the hands of an officer or managing agent whose name and title is

J. Clay Killian, CEO

The person receiving documents is described as follows:

Sex    M  ; Race        White        ; Hair Color        White      ; Facial Hair      N/A

Approx. Age        60      ; Approx. Height      5'08"      ; Approx. Weight        240

☑ To the best of my knowledge and belief, said defendant was not engaged in the US Military at the time of service.

Subscribed and sworn to before me this              I certify that I am over the age of 18, have no interest in the above action.
14 day of   March, 2023                      Undersigned declares under penalty of perjury that the foregoing is true and correct.

NOTARY PUBLIC                                **Bridget Williams**          SPP File:    135096-1
                                             Process Server
My Commission Expires: 2 8-2031              Southern Pride Process, LLC      Client File:
                                             (803) 386-8559
                                             P.O. Box 7125
                                             Columbia, SC  29202-7125

ELECTRONICALLY FILED - 2023 Mar 15 12:10 PM - AIKEN - COMMON PLEAS - CASE#2023CP0200561

# <u>AFFIDAVIT OF SERVICE</u>

State of South Carolina                County of Aiken                    Common Pleas Court

Patricia Myers, et al, Plaintiff(s)

      vs.

Aiken County, et al, Defendant(s)                    Case No:  2023CP0200561

For:

**SOLOMON LAW GROUP**
P.O. Box 1866
Columbia, SC  29202-1866

To be served on:          **Aiken County Sheriff's Office**

**Bridget Williams**                    , undersigned, being duly sworn, deposes and says:

that on   **March 13, 2023  at 12:30 pm**        at   <u>420 Hampton Ave, NE, Aiken, SC</u>

the undersigned served the documents described as:

      **Summons and Complaint**

A true and correct copy of the aforesaid document(s) was served on:
**Aiken County Sheriff's Office**

By delivering them into the hands of an officer or managing agent whose name and title is
**Amanda Hutto, Admin. Assistant**

The person receiving documents is described as follows:

Sex     F   ; Race        White        ; Hair Color        Black        ; Facial Hair        N/A

Approx. Age        35        ; Approx. Height        5'04"        ; Approx. Weight        130

☑ To the best of my knowledge and belief, said defendant was not engaged in the US Military at the time of service.

Subscribed and sworn to before me this                        I certify that I am over the age of 18, have no interest in the above action.
14ᵗʰ day of  **March, 2023**                          Undersigned declares under penalty of perjury that the foregoing is true and correct.

NOTARY PUBLIC                                **Bridget Williams**                    SPP File:        **135096-2**
                                                      **Process Server**
My Commission Expires: 2-8-2031          **Southern Pride Process, LLC**          Client File:
                                                      **(803) 386-8559**
                                                      **P.O. Box 7125**
                                                      **Columbia, SC  29202-7125**

ELECTRONICALLY FILED - 2023 Mar 15 12:10 PM - AIKEN - COMMON PLEAS - CASE#2023CP0200561

## AFFIDAVIT OF SERVICE

State of South Carolina                    County of Aiken                    Common Pleas Court

Patricia Myers, et al, Plaintiff(s)

     vs.

Aiken County, et al, Defendant(s)                    Case No:  2023CP0200561

For:

SOLOMON LAW GROUP
P.O. Box 1866
Columbia, SC  29202-1866

To be served on:      Deputy William T. Sutton

___Bridget Williams_____ , undersigned, being duly sworn, deposes and says:

that on   __March 13, 2023  at 12:30 pm__      at  __420 Hampton Ave, NE, Aiken, SC__

the undersigned served the documents described as:

      __Summons and Complaint__

A true and correct copy of the aforesaid document(s) was served on:
__Deputy William T. Sutton__

By delivering them into the hands of an officer or managing agent whose name and title is
__Amanda Hutto, Admin. Assistant__

The person receiving documents is described as follows:

| Sex | F | ; Race | White | ; Hair Color | Black | ; Facial Hair | N/A |
| --- | --- | --- | --- | --- | --- | --- | --- |
| Approx. Age | 35 | ; Approx. Height | 5'04" | ; Approx. Weight | 130 | | |

☑ To the best of my knowledge and belief, said defendant was not engaged in the US Military at the time of service.

Subscribed and sworn to before me this          I certify that I am over the age of 18, have no interest in the above action.
__14__ day of  __March, 2023__                Undersigned declares under penalty of perjury that the foregoing is true and correct.

NOTARY PUBLIC

My Commission Expires: __2-8-2031__

**Bridget Williams**                    SPP File:    __135096-2__
**Process Server**
**Southern Pride Process, LLC**          Client File:  _____
**(803) 386-8559**
**P.O. Box 7125**
**Columbia, SC  29202-7125**

ELECTRONICALLY FILED - 2023 Mar 15 12:10 PM - AIKEN - COMMON PLEAS - CASE#2023CP0200561

ELECTRONICALLY FILED - 2023 Mar 15 12:10 PM - AIKEN - COMMON PLEAS - CASE#2023CP0200561

## AFFIDAVIT OF SERVICE

State of South Carolina          County of Aiken          Common Pleas Court

Patricia Myers, et al, Plaintiff(s)

   vs.                                          Case No:   2023CP0200561

Aiken County, et al, Defendant(s)

For:

SOLOMON LAW GROUP
P.O. Box 1866
Columbia, SC  29202-1866

To be served on:      SSGT. Andrew M. Dailey

Bridget Williams _____, undersigned, being duly sworn, deposes and says:

that on   March 13, 2023 at 12:30 pm          at   420 Hampton Ave, NE, Aiken, SC

the undersigned served the documents described as:

                    Summons and Complaint

A true and correct copy of the aforesaid document(s) was served on:

SSGT. Andrew M. Dailey

By delivering them into the hands of an officer or managing agent whose name and title is

Amanda Hutto, Admin. Assistant

The person receiving documents is described as follows:

Sex   F  ; Race      White      ; Hair Color     Black    ; Facial Hair      N/A

Approx. Age        35    ; Approx. Height     5'04"    ; Approx. Weight      130

☑ To the best of my knowledge and belief, said defendant was not engaged in the US Military at the time of service.

Subscribed and sworn to before me this          I certify that I am over the age of 18, have no interest in the above action.
                                                 Undersigned declares under penalty of perjury that the foregoing is true and correct.
14  day of   March, 2023

NOTARY PUBLIC                                    Bridget Williams                SPP File:    135096-2
                                                 Process Server
My Commission Expires: 2-8-2031                  Southern Pride Process, LLC     Client File:
                                                 (803) 386-8559
                                                 P.O. Box 7125
                                                 Columbia, SC  29202-7125



## <u>AFFIDAVIT OF SERVICE</u>

State of South Carolina                 County of Aiken                 Common Pleas Court

Patricia Myers, et al, Plaintiff(s)

     vs.

Aiken County, et al, Defendant(s)                                   Case No:  2023CP0200561

For:

**SOLOMON LAW GROUP**
P.O. Box 1866
Columbia, SC  29202-1866

To be served on:        Deputy Justin L. Rutland

Bridget Williams                            , undersigned, being duly sworn, deposes and says:

that on    March 13, 2023  at 12:30 pm        at  420 Hampton Ave, NE, Aiken, SC

the undersigned served the documents described as:

      **Summons and Complaint**

A true and correct copy of the aforesaid document(s) was served on:
**Deputy Justin L. Rutland**

By delivering them into the hands of an officer or managing agent whose name and title is
**Amanda Hutto, Admin. Assistant**

The person receiving documents is described as follows:

Sex    F  ; Race    White      ; Hair Color    Black    ; Facial Hair    N/A
Approx. Age    35    ; Approx. Height    5'04"    ; Approx. Weight    130

☑ To the best of my knowledge and belief, said defendant was not engaged in the US Military at the time of service.

Subscribed and sworn to before me this                I certify that I am over the age of 18, have no interest in the above action.
                                                       Undersigned declares under penalty of perjury that the foregoing is true and correct.
_1 4_ day of  **March, 2023**


NOTARY PUBLIC                                          **Bridget Williams**                    SPP File:    135096-2
                                                       **Process Server**
My Commission Expires:  2-8-2031                       **Southern Pride Process, LLC**          Client File:
                                                       **(803) 386-8559**
                                                       **P.O. Box 7125**
                                                       **Columbia, SC  29202-7125**



ELECTRONICALLY FILED - 2023 Mar 15 12:10 PM - AIKEN - COMMON PLEAS - CASE#2023CP0200561

## <u>AFFIDAVIT OF SERVICE</u>

State of South Carolina                    County of Aiken                    Common Pleas Court

Patricia Myers, et al, Plaintiff(s)

    vs.

Aiken County, et al, Defendant(s)                    Case No:   2023CP0200561

For:

**SOLOMON LAW GROUP**
P.O. Box 1866
Columbia, SC  29202-1866

To be served on:      SSGT Tyler W. Roberts

Bridget Williams                    , undersigned, being duly sworn, deposes and says:

that on   March 13, 2023  at 12:30 pm      at   420 Hampton Ave, NE, Aiken, SC

the undersigned served the documents described as:

**Summons and Complaint**

A true and correct copy of the aforesaid document(s) was served on:

**SSGT Tyler W. Roberts**

By delivering them into the hands of an officer or managing agent whose name and title is

**Amanda Hutto, Admin. Assistant**

The person receiving documents is described as follows:

Sex   F  ; Race      White      ; Hair Color      Black      ; Facial Hair      N/A

Approx. Age      35   ; Approx. Height      5'04"      ; Approx. Weight      130

☑ To the best of my knowledge and belief, said defendant was not engaged in the US Military at the time of service.

Subscribed and sworn to before me this                    I certify that I am over the age of 18, have no interest in the above action.
14th day of   March, 2023                    Undersigned declares under penalty of perjury that the foregoing is true and correct.

_____                    _____
NOTARY PUBLIC                    **Bridget Williams**                    SPP File:   135096-2
My Commission Expires:   2-8-2031                    **Process Server**
                    **Southern Pride Process, LLC**                    Client File:
                    (803) 386-8559
                    P.O. Box 7125
                    Columbia, SC  29202-7125

## AFFIDAVIT OF SERVICE

State of South Carolina                County of Aiken                Common Pleas Court

Patricia Myers, et al, Plaintiff(s)

    vs.

Aiken County, et al, Defendant(s)                              Case No:  2023CP0200561

For:

**SOLOMON LAW GROUP**
P.O. Box 1866
Columbia, SC  29202-1866

To be served on:        **Deputy Gonzalo Campos**

Bridget Williams                                , undersigned, being duly sworn, deposes and says:

that on   March 13, 2023  at 12:30 pm        at  420 Hampton Ave, NE, Aiken, SC

the undersigned served the documents described as:

**Summons and Complaint**

A true and correct copy of the aforesaid document(s) was served on:

**Deputy Gonzalo Campos**

By delivering them into the hands of an officer or managing agent whose name and title is

**Amanda Hutto, Admin. Assistant**

The person receiving documents is described as follows:

Sex   F   ; Race      White      ; Hair Color      Black      ; Facial Hair      N/A

Approx. Age      35   ; Approx. Height      5'04"      ; Approx. Weight      130

☑ To the best of my knowledge and belief, said defendant was not engaged in the US Military at the time of service.

Subscribed and sworn to before me this              I certify that I am over the age of 18, have no interest in the above action.
                                                      Undersigned declares under penalty of perjury that the foregoing is true and correct.
14 day of   March, 2023

NOTARY PUBLIC                                        **Bridget Williams**                SPP File:    **135096-2**
My Commission Expires: 2-8-2031                      **Process Server**
                                                     **Southern Pride Process, LLC**       Client File:
                                                     **(803) 386-8559**
                                                     **P.O. Box 7125**
                                                     **Columbia, SC  29202-7125**



## AFFIDAVIT OF SERVICE

State of South Carolina      County of Aiken      Common Pleas Court

Patricia Myers, et al, Plaintiff(s)

    vs.

Aiken County, et al, Defendant(s)      Case No: 2023CP0200561

For:

SOLOMON LAW GROUP
P.O. Box 1866
Columbia, SC  29202-1866

To be served on:      John Doe 1

Bridget Williams , undersigned, being duly sworn, deposes and says:

that on March 13, 2023  at 2:16 pm at 109 Park Ave SE, Aiken, SC the undersigned served the documents described as:

**Summons and Complaint**

A true and correct copy of the aforesaid document(s) was served on:

John Doe 1

By delivering them into the hands of an officer or managing agent whose name and title is

Charla Plouffe, Deputy Clerk

The person receiving documents is described as follows:

Sex F ; Race White ; Hair Color Blonde ; Facial Hair N/A
Approx. Age 40 ; Approx. Height 5'03" ; Approx. Weight 180

☑ To the best of my knowledge and belief, said defendant was not engaged in the US Military at the time of service.

Subscribed and sworn to before me this
14th day of March, 2023

NOTARY PUBLIC
My Commission Expires: 2-8-2031

I certify that I am over the age of 18, have no interest in the above action.
Undersigned declares under penalty of perjury that the foregoing is true and correct.

Bridget Williams
Process Server
Southern Pride Process, LLC
(803) 386-8559
P.O. Box 7125
Columbia, SC  29202-7125

SPP File: 135096-3
Client File:

ELECTRONICALLY FILED - 2023 Mar 15 12:10 PM - AIKEN - COMMON PLEAS - CASE#2023CP0200561

# AFFIDAVIT OF SERVICE

State of South Carolina                County of Aiken                **Common Pleas Court**

Patricia Myers, et al, Plaintiff(s)

     vs.

Aiken County, et al, Defendant(s)                Case No:  2023CP0200561

For:

**SOLOMON LAW GROUP**
P.O. Box 1866
Columbia, SC  29202-1866

To be served on:        John Doe 2

Bridget Williams                    , undersigned, being duly sworn, deposes and says:

that on   March 13, 2023  at 2:16 pm        at   109 Park Ave SE, Aiken, SC

the undersigned served the documents described as:

**Summons and Complaint**

A true and correct copy of the aforesaid document(s) was served on:

John Doe 2

By delivering them into the hands of an officer or managing agent whose name and title is

Charla Plouffe, Deputy Clerk

The person receiving documents is described as follows:

Sex    F  ; Race        White        ; Hair Color        Blonde      ; Facial Hair        N/A

Approx. Age        40      ; Approx. Height        5'03"      ; Approx. Weight        180

☑ To the best of my knowledge and belief, said defendant was not engaged in the US Military at the time of service.

Subscribed and sworn to before me this        |    I certify that I am over the age of 18, have no interest in the above action.
14 day of  **March, 2023**                    |    Undersigned declares under penalty of perjury that the foregoing is true and correct.

NOTARY PUBLIC

My Commission Expires: 2-8-2031

**Bridget Williams**                    SPP File:    135096-3
Process Server
**Southern Pride Process, LLC**                Client File:
**(803) 386-8559**
**P.O. Box 7125**
**Columbia, SC  29202-7125**

LESTER L. FRANZEN
NOTARY
PUBLIC
Exp February 8, 2031
SOUTH CAROLINA

ELECTRONICALLY FILED - 2023 Mar 15 12:10 PM - AIKEN - COMMON PLEAS - CASE#2023CP0200561

## AFFIDAVIT OF NON-SERVICE

State of South Carolina                County of Aiken                Common Pleas Court

Patricia Myers, et al, Plaintiff(s)

    vs.

Aiken County, et al, Defendant(s)                          Case No:   2023CP0200561

For:

**SOLOMON LAW GROUP**
P.O. Box 1866
Columbia, SC  29202-1866

To be served on:      **Deputy Jeremy A. Frank**

___Bridget Williams_____ , undersigned, being duly sworn, deposes and says:

that the undersigned attempted to serve the documents described as:

      **Summons and Complaint**

and after due and diligent efforts, was unable to effect service on:

Deputy Jeremy A. Frank

The following is a list of the attempts made to effect service:

| Dates  Times of Attempted Service | Address Attempted | Details of Attempts |
|---|---|---|
| 13-Mar-2023 2:45 pm | 200 Main Street N. New Ellenton, SC | Per Maria Tamimi-Bush, Asst. City Clerk, Deputy Jeremy A. Frank no longer works for the department. |

Subscribed and sworn to before me this

_14__ day of   **March, 2023**

_____
NOTARY PUBLIC

My Commission Expires: _2-8-2031_

I certify that I am over the age of 18, have no interest in the above action.
Undersigned declares under penalty of perjury that the foregoing is true and correct.

_____

**Bridget Williams**
**Process Server**
**Southern Pride Process, LLC**
**(803) 386-8559**
**PO Box 7125**
**Columbia, SC  29202-7125**

SPP File: _____135096-4_____

Client File: _____

LESTER L. FRANZEN
NOTARY
PUBLIC
Exp. February 8, 2031
SOUTH CAROLINA

ELECTRONICALLY FILED - 2023 Mar 15 12:10 PM - AIKEN - COMMON PLEAS - CASE#2023CP0200561

ELECTRONICALLY FILED - 2023 Mar 27 3:13 PM - AIKEN - COMMON PLEAS - CASE#2023CP0200561

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF AIKEN | SECOND JUDICIAL CIRCUIT |
| Patricia Myers, as Personal Representative of the Estate of Exzabian Myers, | |
| Plaintiff, | CASE NO.: 2023CP0200561 |
| v. | |
| AIKEN COUNTY; AIKEN COUNTY SHERIFF'S OFFICE; Deputy WILLIAM T. SUTTON, in his individual and official capacity; SSgt. ANDREW M. DAILEY, in his individual and official capacity; Deputy JUSTIN L. RUTLAND, in his individual and official capacity; SSgt. TYLER W. ROBERTS, in his individual and official capacity; Deputy GONZALO CAMPOS, in his individual and official capacity; DOES 1-3, (ACSO 911 call operators), in their individual and official capacity; CITY OF NEW ELLENTON; NEW ELLENTON POLICE DEPARTMENT; Deputy JEREMY A. FRANK, in his individual and official capacity, | DEFENDANTS CITY OF NEW ELLENTON AND NEW ELLENTON POLICE DEPARTMENT'S ANSWER

(Jury Trial Demanded) |
| Defendants. | |

COMES NOW**,** the Defendants, City of New Ellenton and New Ellenton Police Department, by and through its undersigned attorneys, answering the Complaint of the Plaintiff, would allege and show unto the Court:

## FOR A FIRST DEFENSE

1.      Each and every allegation of the Plaintiff's Complaint not specifically admitted herein is denied.

2.      Lacks sufficient knowledge and information to form a belief as to the allegations of paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, and 14, and thereby deny the same.

3.      Admits so much of paragraph 15 which alleges or may be construed to allege that Defendant City of New Ellenton is a municipal entity in the State of South Carolina. Lacks sufficient knowledge and information to form a belief as to the remaining allegations of paragraph 15, and thereby deny same.

4.      Admits so much of paragraph 16 which alleges or may be construed to allege that Defendant New Ellenton Police Department is licensed by the State of South Carolina. Lacks sufficient knowledge and information to form a belief as to the remaining allegations of paragraph 16, and thereby deny same.

5.      Lacks sufficient knowledge and information to form a belief as to the allegations of paragraphs 17 and 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73 (including all subparts), 74, and 75, and thereby deny same.

6.      Denies the allegations of paragraphs 18, 76, 77 (including all subparts), 78, 79, 80, 81 (including all subparts), 82, 83, 84, 85, 86, 87, 88 (including all subparts), 89, 90, 91, 92, 93, 94, 95, 96, and demands strict proof thereof.

7.      The Defendants deny the allegations and relief sought as set forth in the prayer of the Plaintiff's Complaint.

## FOR A SECOND DEFENSE

8.      The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

9.      The Defendant would show that the Plaintiffs' Complaint fails to state a claim upon which relief can be granted, and, therefore should be dismissed pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure.

ELECTRONICALLY FILED - 2023 Mar 27 3:13 PM - AIKEN - COMMON PLEAS - CASE#2023CP0200561

ELECTRONICALLY FILED - 2023 Mar 27 3:13 PM - AIKEN - COMMON PLEAS - CASE#2023CP0200561

## FOR A THIRD DEFENSE

10.     The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

11.     The Plaintiff is barred or subject to a reduction of recovery by the Plaintiff's own comparative negligence/gross negligence or comparative fault, including but not limited to his assumption of the risk of harm, his failure to use reasonable care to protect himself from harm, and his self-infliction of harm. In the alternative, the Plaintiff's recovery should be reduced by the Plaintiff's proportion of fault.

## FOR A FOURTH DEFENSE

12.     The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

13.     The Defendants assert the defense of sovereign immunity, pursuant to the terms of the South Carolina Tort Claims Act, including but not limited to, the damages caps set forth in S.C. Code Ann. § 15-78-120, and the bar on the recovery of punitive damages, pre-judgment interest, and attorney's fees.

## FOR A FIFTH DEFENSE

14.     The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

15.     The Defendants are immune from suit pursuant to the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-60.

## FOR A SIXTH DEFENSE

16.     The allegations contained in the preceding paragraphs, not consistent herewith, are hereby realleged as if set forth verbatim herein.

17.     The Defendants plead that any damages alleged to have been caused by employees of the Defendants, which are specifically denied, must be apportioned between the Defendants and all other tortfeasors, pursuant to S.C. Code Ann. § 15-78-100(c).

## FOR A SEVENTH DEFENSE

18.     The allegations contained in the preceding paragraphs, not consistent herewith, are hereby realleged as if set forth verbatim herein.

19.     The Plaintiff does not enjoy a private right of action for a violation of provisions of the South Carolina Constitution.

## FOR AN EIGHTH DEFENSE

20.     The allegations contained in the preceding paragraphs, not consistent herewith, are hereby realleged as if set forth verbatim herein.

21.     The Defendants, City of New Ellenton and New Ellenton Police Department are not proper parties to this case. At the time of the incident alleged in the Complaint, Deputy Jeremy A. Frank was not an agent of the City of New Ellenton or the New Ellenton Police Department.  Consequently, an agency relationship did not exist at the time of the incident, and no theory of liability extends to Defendants, City of New Ellenton and New Ellenton Police Department.

## FOR A NINTH DEFENSE

22.     Defendants asserts it is entitled to all defenses, privileges immunities, limitations (on damages, liability, and otherwise), and reservations or restrictions of liability applicable to this action as set forth in the South Carolina Tort Claims Act, S.C. Code §15-78-10, et seq., whether or not specifically pleaded elsewhere herein.

WHEREFORE, having fully answered the Plaintiff's Complaint, the Defendants City of

ELECTRONICALLY FILED - 2023 Mar 27 3:13 PM - AIKEN - COMMON PLEAS - CASE#2023CP0200561

New Ellenton and New Ellenton Police Department, pray that the Complaint be dismissed with prejudice; for the costs of this action; and for such other and further relief as the Court deems just and proper.

<div style="margin-left: 40%;">

Respectfully submitted,

s/Charles G. Doolittle
Christopher A. Austin, SC Bar No. 80335
Charles G. Doolittle, SC Bar No. 104118
115 Hearthstone Drive
Aiken, South Carolina 29803
(803) 226-0453
griff@austinpethick.com
chris@austinpehtick.com

</div>

Aiken, South Carolina

March 27, 2023

4860-1589-0519, v. 2

ELECTRONICALLY FILED - 2023 Mar 27 3:13 PM - AIKEN - COMMON PLEAS - CASE#2023CP0200561