IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Patricia Myers, as Personal Representative of the Estate of Exzabian Myers, <br><br> Plaintiff, <br><br> v. <br><br> SSgt. Tyler W. Roberts; Deputy William T. Sutton; SSgt. Andrew M. Dailey; and Aiken County Sheriff's Office, <br><br> Defendants. | Case No. 1:23-cv-01495-SAL <br><br><br> **ORDER** |

Patricia Myers ("Plaintiff"), serving as personal representative for the estate of Exzabian Myers, brings this civil rights action against the above-captioned defendants ("Defendants").[1] Pursuant to 42 U.S.C. § 1983, Plaintiff asserts claims for excessive force in violation of the Fourth Amendment and deliberate indifference in violation of the Eighth and Fourteenth Amendments. [ECF No. 11 ¶¶ 41–57.] She also asserts a state-law claim for negligence and gross negligence under the South Carolina Tort Claims Act, S.C. Code Ann. §§ 15-78-10 *et seq.* (the "SCTCA"). *Id.* ¶¶ 58–64. Defendants move for summary judgment. [ECF No. 55.]

---

[1] This case was originally filed in state court on March 9, 2023. *See* ECF No. 1-1. Defendants removed the case to this court on April 12, 2023. *See* ECF No. 1.

# I.    BACKGROUND

## A.    Factual Background[2]

This case arises from the tragic death of Exzabian Myers ("Mr. Myers"). On March 18, 2021, the Aiken County Sheriff's Office (the "ACSO") received calls about a possible carjacking or robbery. [ECF No. 71 at 2.] When Defendant Deputy William T. Sutton ("Deputy Sutton") arrived at the scene, he observed Mr. Myers in the roadway blocking traffic. *Id.* Mr. Myers approached Deputy Sutton's car, stated that he was high, and asked to be taken to jail. *Id.* After placing Mr. Myers in handcuffs, Deputy Sutton patted him down and searched his pockets. *Id.*

Suddenly, Mr. Myers became extremely agitated, pulled away from Deputy Sutton, and returned to the roadway while repeatedly screaming "call the police." *Id.* Other officers arrived to help Deputy Sutton get Mr. Myers under control. *Id.* Five officers spent the next several minutes attempting to place him in the backseat of Deputy Sutton's patrol car. *Id.* Mr. Myers resisted the officers' attempts by thrashing and screaming. *Id.*

A few minutes into the struggle, Defendant SSgt. Tyler W. Roberts ("SSgt. Roberts") deployed his taser in drive-stun mode multiple times to gain compliance, but it appeared to have no effect on Mr. Myers. *Id.* The officers eventually placed Mr. Myers in the backseat, but they did not secure him with a seatbelt. *Id.*

---

[2] The following factual summary is based primarily on the undisputed portions of the "BACKGROUND" section of the Report and Recommendation of the magistrate judge, as well as this court's review of the video footage of the incident. *See* ECF No. 71 at 1–4; ECF No. 55-8.

During transport to the Aiken County Detention Center, Mr. Myers started shouting incoherently and violently thrashing about, slamming his head and body against the inside of the vehicle and kicking the windows. *Id.* at 3. Deputy Sutton pulled into the parking lot of a Trophies Unlimited store and called for assistance. *Id.* Ultimately, Mr. Myers flipped himself upside down, with his legs toward the ceiling and his head in the foot compartment between the driver's seat and the backseat. *Id.*

Defendant SSgt. Andrew M. Dailey ("SSgt. Dailey") arrived to assist Deputy Sutton, and they discovered that Mr. Myers was not moving. *Id.* Mr. Myers remained unresponsive after the officers' attempts to wake him, so SSgt. Dailey contacted EMS. *Id.* When EMS requested their location for a second time, SSgt. Dailey instructed Deputy Sutton to drive Mr. Myers to the nearby hospital, where Mr. Myers remained alive for two days before he died. *Id.* A forensic pathologist concluded that he died from positional asphyxia, with cocaine toxicity as a contributing factor. *See* ECF No. 60 at 10.

### B.    Procedural Posture

On July 23, 2025, United States Magistrate Judge Paige J. Gossett, pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), issued a Report and Recommendation ("Report") recommending that Defendants' motion for summary judgment be granted as to Plaintiff's federal claims, and that Plaintiff's state-law claim for gross negligence be remanded to state court. [ECF No. 71.] Plaintiff filed objections challenging certain factual findings and conclusions. [ECF No. 72.] "Subject to and expressly reserving these objections, Plaintiff consents to the dismissal of the federal claims and to this case being remanded to state court." *Id.* at 3. "The purpose of this reservation," she explains, "is to

preserve [her] ability to litigate these factual issues in the context of her state law claims and not be prejudiced in any manner by the [Report]'s findings . . . ." *Id.*

Defendants filed a reply consenting to the voluntarily dismissal of the federal claims "with the stipulations that [1] the Plaintiff will not attempt to re-file those federal claims after remand . . . and that, [2] consistent with the Plaintiff's concessions made in response to the Defendants' Motion for Summary Judgment, the only state law claims to be remanded are the claims for gross negligence for the custodial care during transport." [ECF No. 73 at 1–2.] Defendants elaborate that based on their communications with Plaintiff's counsel,

> it is understood and agreed to by the Defendants that the Plaintiff will not pursue claims for ordinary or simple negligence (as opposed to gross negligence) and will not pursue a gross negligence claim based on the use of the taser, both of which were conceded by the Plaintiff in response to the Defendants' Motion for Summary Judgment.

*Id.* at 2.[3]

## II.     DISCUSSION

Because both parties consent to the dismissal of Plaintiff's federal claims and the remand of her remaining state-law claim, the court construes Plaintiff's objections as both a request for voluntary dismissal under Federal Rule of Civil Procedure 41 and a motion to remand pursuant to 28 U.S.C. § 1447. Under Rule 41(a)(2), "an action may be dismissed at the plaintiff's request . . . on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Here, the terms are as follows: (1) Plaintiff's federal claims are dismissed with prejudice; (2) Plaintiff's remaining claim is for gross negligence against the ACSO, and she will not pursue

---

[3] *See also* ECF No. 60 at 29 ("The parties agree that . . . the SCTCA requires [Plaintiff] to prove gross negligence . . . ."), 30 ("[Plaintiff] agrees the taser claim does not sound in gross negligence and her recourse is limited to the constitutional tort.").

claims for ordinary or simple negligence; and (3) Plaintiff will not pursue a gross negligence claim based on SSgt. Roberts's use of the taser. The court considers these terms proper.

In any civil action where a federal district court has original jurisdiction, the court has "supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). That said, a district court may decline to exercise supplemental jurisdiction where it has dismissed all claims over which it has original jurisdiction. *Id.* § 1367(c)(3). This court declines to exercise supplemental jurisdiction over Plaintiff's state-law gross negligence claim and remands this matter to the Court of Common Pleas for Aiken County.

## III.     CONCLUSION

Subject to the above terms, Plaintiff's claims for excessive force in violation of the Fourth Amendment and deliberate indifference in violation of the Eighth and Fourteenth Amendments are **DISMISSED WITH PREJUDICE**. Plaintiff's remaining state-law claim for gross negligence is **REMANDED** to the Court of Common Pleas for Aiken County. Finally, Defendants' pending motion for summary judgment, ECF No. 55, is **TERMINATED AS MOOT**.[4]

**IT IS SO ORDERED.**

August 25, 2025
Columbia, South Carolina

Sherri A. Lydon
United States District Judge

---

[4] The termination of Defendants' motion for summary judgment renders the Report, ECF No. 71, moot.